IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Martinez,<br><br>                    Petitioner,<br><br>v.<br><br>Charles L. Ryan, Director of Department of Corrections, et al.,<br><br>                    Respondents. | No. CV-12-00589-TUC-CKJ<br><br>**ORDER** |

On May 16, 2013, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation, (Doc. 14), in which she recommended denying Petitioner's Petition Under 28 U.S.C. §2254 for a Writ of Habeas Corpus by a Person in State Custody, (Doc. 1), and denying Petitioner's Motion for Evidentiary Hearing. (Doc. 11). Magistrate Judge Bowman advised the parties that written objections to the Report and Recommendation were to be filed within fourteen days of service of a copy of the Report and Recommendation pursuant to 28 U.S.C. §636(b). Petitioner has filed an objection. (Doc. 15). Respondents have not filed a response.

*I.     Background*

On April 7, 2009, Petitioner was indicted for Aggravated Robbery, Robbery, Attempted Fraudulent Scheme and Artifice, Taking the Identity of Another, and two counts of Forgery, case number CR 20091281-002. (Doc. 7-1, Ex. A). On April 13, 2009, Petitioner was indicted for one count of Armed Robbery, case number CR 20091353-001. (Doc. 7-1, Ex. B). After the indictments were issued, the County

1  Attorney alleged that Petitioner had seven prior convictions, which would enhance
2  Petitioner's sentences. (Doc. 1 at p. 21).

3  On September 23, 2009, pursuant to two plea agreements, Petitioner pled guilty in
4  Pima County Superior Court to Robbery and Attempted Fraudulent Scheme and Artifice
5  in case number CR 20091281-002 and Armed Robbery in case number CR 20091353-
6  001. (Doc. 7-1, Ex. C, D). Petitioner signed both plea agreements. Each plea agreement
7  explicitly provided that "[t]he defendant admits to having previously been convicted of
8  the following: Possession of a Narcotic Controlled Substance in Riverside County
9  Superior Court, Riverside, California." *Id*. During the change of plea hearing, Petitioner
10 admitted in court that he had previously been convicted of Possession of a Narcotic
11 Controlled Substance in Riverside, California. (Doc. 7-1, Ex. E).

12 Petitioner's Presentence Report outlined Petitioner's seventeen prior contacts with
13 law enforcement, which included multiple prior felony convictions and Petitioner's
14 contact for Possession of Narcotic Controlled Substance in Riverside, California. (Doc. 1
15 at pp. 37-40). The Presentence Report reflected that the disposition of the Riverside,
16 California contact was unknown. (Doc. 1 at p. 39). On December 18, 2009, Petitioner
17 was sentenced to a presumptive term of four and a half years incarceration for the
18 Robbery conviction and six and a half years incarceration for the Attempted Fraudulent
19 Scheme conviction, with these sentences to run concurrently. (Doc. 1 at p. 32).
20 Additionally, Petitioner was sentenced to nine and a quarter years incarceration for the
21 Armed Robbery conviction. (Doc. 1 at p. 32-33). Petitioner's sentence for Armed
22 Robbery runs consecutively to his sentence for Robbery, resulting in a total period of
23 incarceration of thirteen and three quarter years.[1] (Doc. 1 at p. 33-34).

24 Petitioner filed a notice of post-conviction relief pursuant to Ariz.R.Crim.P. 32.
25 Post-conviction counsel was appointed pursuant to Ariz.R.Crim.P. 32.4(c) to file a

---

[1] Respondent's Answer to Petitioner's Petition indicates that Petitioner was sentenced to a total of fifteen and three quarter years' incarceration. (Doc. 7). However, the record is clear that Petitioner was sentenced to nine and a quarter years' incarceration for Armed Robbery to run consecutively to the four and a half year sentence he received for Robbery, resulting in a total period of incarceration of thirteen and three quarter years.

- 2 -

1  petition for post-conviction relief.   On June 1, 2010, the appointed Rule 32 counsel filed
2  a notice explaining that after a complete and thorough study of the record, he could not
3  find any tenable issue for review.   (Doc. 7-1, Ex. F).  Petitioner subsequently filed his
4  own petition *pro se*, in which he argued that his trial and Rule 32 counsel had been
5  ineffective. (Doc. 7-2, Ex. G).  Specifically, Petitioner argued that his trial counsel was
6  ineffective because he failed to object to the state's assertion at sentencing that he had
7  five prior felony convictions, failed to present certain mitigating evidence at sentencing,
8  and failed to investigate the prior convictions alleged by the state.  *Id*.  According to
9  Petitioner, if trial counsel had investigated his prior convictions, he would have
10 discovered that there was insufficient evidence to find that he had been convicted of
11 Possession of a Narcotic Controlled Substance in Riverside, California.[2] *Id*. Petitioner
12 further argued that his Rule 32 counsel was ineffective because he failed to argue that
13 there was insufficient evidence to establish that Petitioner had been convicted of the
14 Riverside, California narcotics offense.  *Id*.

15  The Arizona trial court denied relief on March 1, 2011.  (Doc. 1 at pp. 47-51).
16 The trial court concluded that trial counsel was not ineffective for failing to investigate
17 the convictions alleged by the state, including the Riverside, California conviction.  The
18 trial court reasoned that because counsel and the court reviewed the plea agreement with
19 Petitioner, which specifically referred to the Riverside, California conviction and
20 Petitioner never claimed that the Riverside, California conviction was improper, there
21 was no evidence that Petitioner's counsel was ineffective for failing to investigate that
22 conviction. (Doc. 1 at p. 49).

23  The trial court further explained that even if the Riverside, California conviction
24 had been objected to prior to sentencing, the state would have used one of Petitioner's
25 other prior convictions to enhance Petitioner's sentence.  *Id*.   The court found that
26 Petitioner had not "established that counsel should have objected to the use of the prior

---

[2] As support for his assertion, Petitioner has attached a copy of a Superior Court of California – County of Riverside Court Criminal Records Search, which indicates that the file associated with that case number had been "purged and destroyed."  (Doc. 1 at p. 46).

1  convictions as aggravators," since the convictions existed in the presentence report and
2  could properly be used as sentence aggravators. *Id*. at 50. As such, Petitioner could not
3  establish that he was prejudiced by counsel's failure to object. *Id*. Petitioner's claim
4  regarding counsel's failure to present mitigating evidence was denied because the
5  mitigating evidence asserted by Petitioner was determined to be cumulative and would
6  not have changed his sentence. Finally, the trial court concluded that Petitioner failed to
7  establish that he was prejudiced by the actions of his Rule 32 counsel. *Id*.

8  Petitioner sought review of the trial court's ruling by the Arizona Court of
9  Appeals. (Doc. 7-3, Ex. I). The Arizona Court of Appeals explained:

> [o]n review [Petitioner] re-urges his claims that trial counsel was ineffective in failing to investigate the validity of the alleged prior convictions and at sentencing and that his Rule 32 counsel was ineffective. We conclude the trial court correctly resolved these claims in a thorough and well-reasoned minute entry, and we therefore adopt the court's order summarily denying [Petitioner's] petition for post-conviction relief. *See State v. Whipple*, 177 Ariz. 272, 274, 866 P.2d 1358, 1360 (App. 1993)(when trial court has identified and ruled correctly on issues raised 'in a fashion that will allow any court in the future to understand the resolution, no useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision.').
>
> We write further, however, to amplify the trial court's ruling in one respect. The presentence report stated the disposition of the California charge was '[u]known.' Thus, upon receiving the presentence report following [Petitioner's] guilty plea, trial counsel arguably would have had cause to investigate the validity of [Petitioner's] California conviction. Assuming that conviction was, in fact, nonexistent, [Petitioner's] only avenue for relief would have been to seek to withdraw from the plea pursuant to Rule 17.5, Ariz. R. Crim.P. We agree with the trial court's implicit determination such a motion would not have been granted in light of [Petitioner's] extensive criminal history.
>
> Rule 17.5 gives a trial court discretion to permit a party to withdraw form a plea agreement 'when necessary to correct a manifest injustice.' [Petitioner] was sentenced as a category two repetitive offender pursuant to A.R.S. §13-703(B) and (I). Several of the previous felony convictions listed in [Petitioner's] presentence report similarly could have served to enhance his sentence. *See* A.R.S. §13-105(22)(defining historical prior felony conviction). [Petitioner] does not assert any of those convictions are invalid, and, based on those convictions, he undoubtedly would have faced an

>enhanced sentence upon conviction after a trial or pursuant to a new guilty plea. Nor can [Petitioner] reasonably assert his purported misapprehension regarding the California conviction rendered his plea involuntary. The plea agreement plainly provided for enhanced sentences, and we find no material difference between an enhanced sentence based on one historical prior felony conviction rather than another. *See* §13-703(I). Accordingly, there would have been no 'manifest injustice' to correct by permitting [Petitioner] to withdraw from the plea. Ariz. R. Crim. P. 17.5; *cf. State v. Stevens*, 154 Ariz. 510, 515, 744 P.2d 37, 42 (App. 1987)(manifest injustice when 'parties and the trial court erroneously believed' defendant subject to enhanced sentence and mistake 'directly impacted defendant's calculation of the acceptability of the plea bargain.').

(Doc. 8-2, Ex. K). Petitioner sought further review by the Arizona Supreme Court, which denied Petitioner's petition for review on February 23, 2012. (Doc. 1 at p. 19). Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 on August 6, 2012. (Doc. 1). In his Petition, Petitioner raises four grounds for relief. First, he alleges that his state sentences are illegal because they are based on a prior conviction that was never proven; second, he argues that his trial counsel was ineffective because his prior conviction was used improperly to enhance and aggravate his sentence resulting in improper double counting; third, his trial counsel was ineffective because he failed to challenge or investigate his prior California conviction; and fourth, his Rule 32 counsel was ineffective for failing to challenge his prior California conviction. Respondent's filed their Answer on October 17, 2012. (Doc. 7). Petitioner filed a Motion for Evidentiary Hearing on November 21, 2012. (Doc. 11). Petitioner filed his Reply on November 26, 2012. (Doc. 12). Respondent then filed its Opposition to Petitioner's Motion for Evidentiary Hearing on November 29, 2012. (Doc. 13).

On May 16, 2013, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation. (Doc. 14). In her Report and Recommendation, Magistrate Judge Bowman recommended dismissing Petitioner's claim that his state sentences are illegal because they are based on a prior conviction that was never proven and his claim that his trial counsel was ineffective because his prior conviction was used improperly to enhance and aggravate his sentence resulting in improper double counting because these claims

are procedurally defaulted. (Doc. 14). Magistrate Judge Bowman further recommended denying on the merits, Petitioner's claims that his trial counsel and his Rule 32 counsel were ineffective for failing to challenge the prior conviction used to enhance his sentence. (Doc. 14).

Petitioner filed Objections to Magistrate's Report and Recommendation on May 31, 2013. (Doc. 15). Petitioner has not raised any objections to the Magistrate Judge's recommendation regarding his claim that his state sentences are illegal because they are based on an unproven prior conviction or his claim that his trial counsel was ineffective because his prior conviction was used improperly to enhance and aggravate his sentence resulting in improper double counting. However, Petitioner has objected to the Magistrate Judge's recommendation that the Court dismiss Petitioner's claims that his trial and Rule 32 counsel were ineffective for failing to challenge the prior conviction used to enhance his sentence.

## II. *Standard of Review*

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Pursuant to 28 U.S.C. § 636(b)(1), if a party makes a timely objection to a magistrate judge's recommendation, then this Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *See also Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D.Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection"); *United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir.2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

## III. *Procedural Default*

Before a federal court may review a petitioner's claims on the merits, a petitioner must exhaust his state remedies, i.e., have presented in state court every claim raised in the federal habeas petition. *See Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (a state prisoner in a federal habeas action must exhaust his claims in the state courts "by invoking one complete round of the State's established appellate review process" before he may submit those claims in a federal habeas petition); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). Exhaustion of state remedies is required in order to give the "State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights . . . To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004)(*internal quotation marks and citations omitted)*.

In Arizona, exhaustion is satisfied if a claim is presented to the Arizona Court of Appeals. A discretionary petition for review to the Supreme Court of Arizona is not necessary for purposes of federal exhaustion. *Swoopes*, 196 F.3d at 1010; *State v. Sandon*, 161 Ariz. 157, 777 P.2d 220 (1989) (in non-capital cases, state remedies are exhausted by review by the court of appeals). A claim is "fairly presented" if the petitioner has described the operative facts and legal theories on which his claim is based. *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In state court, the petitioner must describe not only the operative facts but also the asserted constitutional principle. The United States Supreme Court has stated:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995). A petitioner does not ordinarily "fairly present" a federal claim to a state court if that court must read beyond a petition, brief, or similar papers to find material that will alert it to the presence of a federal claim. *See e.g., Baldwin*, 541 U.S. at 33 (rejecting contention that petition fairly presented federal ineffective assistance of counsel claim because "ineffective" is a term of art in Oregon that refers only to federal law claims since petitioner failed to demonstrate that state law uses "ineffective assistance" as referring only to federal law rather than a similar state law claim); *Harless*, 459 U.S. at 6 (holding that mere presentation of facts necessary to support a federal claim, or presentation of state claim similar to federal claim, is insufficient; petitioner must "fairly present" the "substance" of the federal claim); *Hivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds), *cert. denied*, 529 U.S. 1009 (2000); *Gatlin v. Madding*, 189 F.3d 882 (9th Cir. 1999) (holding that petitioner failed to "fairly present" federal claim to state courts where he failed to identify the federal legal basis for his claim), *cert. denied*, 52 U.S. 1087.

A habeas petitioner's claims may be procedurally defaulted from federal review in one of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729-30. Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id*. at 735 n. 1. This is often referred to as "technical" exhaustion because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy. *See Id*. at 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no remedies any longer 'available' to him.").

1  If a claim is procedurally defaulted, it may not be considered by a federal court unless the petitioner demonstrates cause and prejudice to excuse the default in state court, or that a fundamental miscarriage of justice would result. *Id.* at 753; *Sawyer v. Whitley*, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). If a claim has never been fairly presented to the state court, a federal habeas court may determine whether state remedies remain unavailable. *See Harris v. Reed*, 489 U.S. 255, 269-70, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *Teague v. Lane*, 489 U.S. 288, 298-99, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

In her Report and Recommendation, Magistrate Judge Bowman explained that Petitioner did not present to the state court his claim that his state sentences are illegal or his claim that his trial counsel was ineffective because he failed to object to his prior conviction being used to enhance and aggravate his sentence. As such, these two claims were not properly exhausted. Further, Magistrate Judge Bowman explained that Petitioner is now precluded from raising those claims in state court pursuant to Ariz.R.Crim.P. 32.2. Petitioner does not object to the Magistrate Judge's recommendation regarding the failure to exhaust these two claims or their being procedurally defaulted. Nor does he attempt to demonstrate any cause for the default.

As such, the Court will adopt the Magistrate Judge's recommendation to deny Petitioner's claim that his state sentences are illegal because they are based on a prior conviction that was never proven and his claim that his trial counsel was ineffective because his prior conviction was used improperly to enhance and aggravate his sentence resulting in improper double counting because these claims are procedurally defaulted.[3]

---

[3] The time limit for a post-conviction petition in state court has expired. *See* Ariz.R.Crim.P. 32.4(a) (post-conviction proceedings must be filed within 90 days after the entry of judgment and sentence or within 30 days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceedings). Further, absent certain exceptions, not present here, successive post-conviction petitions are precluded in Arizona. *See* Ariz.R.Crim.P. 32.2.

IV.     *Ineffective Assistance of Counsel*

The federal courts shall "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws or treaties of the United States*." 28 U.S.C. § 2254(a) (emphasis added). Moreover, a petition for habeas corpus by a person in state custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Schriro v. Landrigan*, 550 U.S. 465, 473-74, 127 S.Ct. 1933, 1939, 167 L.Ed.2d 836 (2007). Correcting errors of state law is not the province of federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). Ultimately, "[t]he statute's design is to 'further the principles of comity, finality, and federalism.'" *Panetti v. Quarterman*, 551 U.S. 930, 945, 127 S.Ct. 2842, 2854, 168 L.Ed.2d 662 (2007) (quoting *Miller-El v. Cockrell*, 537 U.S.322, 337, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)).

Under 28 U.S.C. §2254(d)(1), a state court's decision is contrary to clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth" in Supreme Court cases or "if the state court confronts a set of facts that are materially indistinguishable from" a Supreme Court decision but "nevertheless arrives at a result different from" that precedent. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, dictates the standards for federal habeas review. *See* 28 U.S.C. § 2254. "The Act limits the ability of federal courts to reexamine questions of law and mixed questions of law and fact." *Jeffries v. Wood*, 114 F.3d 1484 (9th Cir. 1997). Federal courts reviewing a

petition for habeas corpus must "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Landrigen*, 550 U.S. at 473-74, 127 S.Ct. at 1940 (citing 28 U.S.C. § 2254(e)(1)).

The Supreme Court elucidated a two part test for determining whether a defendant could prevail on a claim of ineffective assistance of counsel sufficient to overturn his conviction. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, Petitioner must show that counsel's performance was deficient. *Id.* at 687, 104 S.Ct. at 2064. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, Petitioner must show that his counsel's performance prejudiced his defense. *Id.* Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable." *Id.* Ultimately, whether or not counsel's performance was effective hinges on its reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065; *See also State v. Carver*, 160 Ariz. 167, 771 P.2d 1382 (1989) (adopting *Strickland* two-part test for ineffective assistance of counsel claims).

The Sixth Amendment's guarantee of effective assistance is not meant to "improve the quality of legal representation," rather it is to ensure the fairness of trial. S*trickland*, 466 U.S. at 689, 104 S.Ct. at 2065. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* Judging counsel's performance must be made without the influence of hindsight. *See Id.* As such, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955). Without the requisite showing of either "deficient performance" or "sufficient prejudice," Petitioner cannot prevail on his ineffectiveness claim. *Strickland*, 466 U.S. at 700, 104 S.Ct. at 2071. "[T]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Gentry v. Sinclair*, 705

1   F.3d 884, 899 (9th Cir. 2012), *quoting Harrington v. Richter*, – U.S. – , 131 S.Ct. 770,
2   788, 178 L.Ed.2d 624 (2011)) (alterations in original).

3   Title 28 U.S.C. §2254(d) "bars re-litigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in 2254(d)(1) and (d)(2)." *Harrington v. Richter*, – U.S. –, 131 S.Ct. 770, 788, 178 L.Ed.2d 624 (2011). The Arizona trial court and the Arizona Court of Appeals expressly relied on *Strickland* in their decisions. Petitioner asserts that his trial counsel and Rule 32 counsel were ineffective because they failed to challenge the conviction that was used to enhance his sentence. The state courts determined that trial counsel made a reasonable decision, that investigation into Petitioner's prior convictions was unnecessary in light of the fact that Petitioner never claimed that the Riverside, California conviction or any conviction alleged by the State was improper.[4]

Petitioner argues that if his counsel had investigated the Riverside, California conviction and determined that there was insufficient evidence to support it, then it could not have been used to enhance his sentences. Thus, he was prejudiced by his counsel's inaction. However, assuming Petitioner is correct that he was never convicted of Possession of Narcotics Controlled Substance in Riverside, California, he still has failed to establish prejudice. As noted by the Arizona Court of Appeals and the Arizona trial court, "even if the 'conviction had been complained about and discovered to be invalid prior to sentencing,' several of [Petitioner's] other previous convictions could have served to enhance his sentence." (Doc. 8-2, Ex. K).[5]

This Court finds that the State courts' decisions regarding Petitioner's ineffective assistance of trial counsel claim was consistent with, and a reasonable application of *Strickland*. *See* 28 U.S.C. §2254(d)(1). Further, the Arizona State court decisions were based on a reasonable determination of the facts in light of the evidence presented in the

---

[4] The Arizona Court of Appeals adopted the reasoning of the Arizona trial court in its memorandum decision dated July 29, 2011. (Doc. 8-2, Ex. K).

[5] Petitioner has never asserted that any convictions noted in his criminal history report were invalid, with the sole exception of the Riverside, California conviction.

- 12 -

State court proceeding. *See* 28 U.S.C. §2254(d)(2). As such, Petitioner cannot meet his burden to establish that his trial counsel was ineffective.

Similarly, Petitioner cannot meet his burden to establish that his Rule 32 counsel was ineffective. As noted by the Arizona trial court, Petitioner's Rule 32 counsel filed a brief stating that he thoroughly reviewed the record but found no arguable issues for appeal, therefore Rule 32 counsel was not ineffective. (Doc. 1, p. 50). Thus, the Court finds that the State court's determination of this issue was a reasonable application of *Strickland* and was based upon a reasonable determination of the facts. *See* 28 U.S.C. §2254(d). However, even assuming, Petitioner had a valid ineffective assistance of Rule 32 counsel claim, the ineffectiveness of counsel during collateral post-conviction proceedings is not a ground for relief pursuant to §2254. *See* 28 U.S.C. §2254(i).

V.   *Evidentiary Hearing*

On November 21, 2012, Petitioner filed a Motion for Evidentiary Hearing. (Doc. 11). Petitioner argues that his Petition for a Writ of Habeas Corpus necessitates an evidentiary hearing to prevent a manifest injustice. He further requested the appointment of counsel pursuant to Rules 8(a) and (c) of the Rules Governing Section 2254 Cases in the United States District Courts. The Court finds that a resolution of Petitioner's Petition does not require an evidentiary hearing. The Court agrees with and adopts the reasoning in Magistrate Judge Bowman's Report and Recommendation denying Petitioner's Motion for Evidentiary Hearing.

VI.   *Certificate of Appealability*

Rule 11(a), Rules Governing Section 2254 Proceedings, requires that in habeas cases the "district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. §

2253(c)(1). This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

The Court finds that jurists of reason would not find the resolution of Petitioner's claims debatable.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation (Doc. 14) is ADOPTED.

2. Petitioner's Petition Under 28 U.S.C. §2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is DENIED.

3. Petitioner's Motion for Evidentiary Hearing (Doc. 11) is DENIED.

4. A Certificate of Appealability shall not be issued.

5. The Clerk of the Court shall enter judgment in this matter, and close its file.

Dated this 14th day of August, 2013.

_____
Cindy K. Jorgenson
United States District Judge